# LAWRENCE BUSHNELL v. CITY OF DULUTH.[1]

December 6, 1940.

No. 32,549.

*Harry E. Weinberg,* City Attorney, and *Robert Jaques* and *Albert R. Scanlon,* Assistant City Attorneys, for relator.

*J. H. Louisell* and *Roderick Dunn,* for respondent.

LORING, JUSTICE.

This case comes here on a writ of *certiorari* to review the award of the industrial commission to employe-respondent, who was seriously injured while driving a truck in connection with a WPA project for the improvement of a boulevard in the city of Duluth.

The city was sponsor for the project, and, as part of its contribution, furnished trucks and truck drivers for the removal of material. These trucks and drivers were placed under the control of the foreman and superintendent of the project. The drivers were engaged from the General Drivers' Union, and the trucks were supplied to the drivers by various truck owners. In the case at bar, Webster Bushnell, a brother of the respondent, was a member of the union and detailed by that organization to the city in connection with this project. He obtained a truck from Roy Atchison and went to the project for work in connection with the moving of material. On April 10, 1939, he engaged his brother Lawrence, this respondent, to drive the truck while he was busy as chairman

[1]Reported in 295 N. W. 73.

of the grievance committee of the union. There was evidence tending to support a finding that the substitution of Lawrence for Webster was with the consent and approval of the WPA foreman who was in charge of the work. Lawrence worked again on April 12, when he was severely injured by his truck leaving the road and rolling over upon him. He had a comminuted fracture of one of his vertebrae and his spinal cord completely severed.

It is the contention of the city that respondent was an interloper and not an employe of the city and that the WPA foreman had no right to consent to the substitution of drivers so as to bind the city. This is the only question in the case, it being very clear that if Webster had been injured while engaged in the work his brother Lawrence was doing there would be liability on the part of the city.

We think that the setup of the work and the control and management thereof was such that the commission was justified in finding that the truck drivers were sent to the project and so placed under the control and management of the superintendent, foreman, and timekeeper thereon that these agents were, for the purpose of controlling and managing the trucks and truck drivers, the agents of the city and that the consent of the foreman to the substitution of drivers, under the circumstances, was binding upon the city and created the relation of master and servant between the city and the respondent. Wicklund v. North Star Timber Co. 205 Minn. 595, 603, 287 N. W. 7. It may be added that the WPA timekeeper was also timekeeper for the city in connection with these trucks and drivers and was on the job so that he was charged with notice of the substitution, and the city, with full knowledge of the accident that had occurred, subsequently on his report, paid Webster for the time that his brother had put in in his place.

The award of the commission is affirmed. Respondent is allowed $100 attorneys' fees in addition to statutory costs and disbursements.